UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARELL ANTOIN WINTERS #452132,

      Petitioner,

  v.                            CASE NO. 2:18-CV-12668
                                        HON. GEORGE CARAM STEEH

ERICK BALCARCEL,

      Respondent.

_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

Michigan prisoner Darell Antoin Winters ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  The petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, following a jury trial in the Wayne County Circuit Court in 2016 and was sentenced, as a third habitual offender, Mich. Comp. Laws § 769.11, to 14 to 21 years imprisonment.  In his pleadings, he raises claims concerning the scoring of the sentencing guidelines, the sufficiency of the evidence,

-1-

the jury instructions and his notice of the charges, judicial fact-finding at

sentencing, and the denial of his motions for new trial, directed verdict, and

a Ginther (evidentiary) hearing.  For the reasons stated herein, the Court

denies the petition for a writ of habeas corpus.  The Court also denies a

certificate of appealability and denies leave to proceed in forma pauperis

on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from his armed robbery of Renard

Culp at the Architectural Salvage Warehouse in Detroit, Michigan on July

27, 2013.  He was charged with armed robbery, felon in possession of a

firearm, and possession of a firearm during the commission of a felony.

At trial, Renard Culp testified that he knew the petitioner because he

had previously worked at the store and he was a friend of the store

manager.  ECF No. 10-6, PageID.620.  On the day in question, the

manager was off, so Culp was in charge of the store and working with

another employee named Edward Alexander.   Id. at PageID.627.  The

petitioner came to the store and the men talked in the office.  Id. at

PageID.633.  The petitioner said that he needed something for his

grandmother, so Culp and the petitioner went to a second building and

looked at water tanks.  Id. at PageID.635-637.  While they were in the

second building, the petitioner put a black .380 semiautomatic handgun in

Culp's lower back/side and said that he hated to do this, but he needed the

money and the store was insured.  Culp was afraid and gave him $170.00

that he had on him at the time.  Some of the money was his and some was

the company's from sales that day.  Id. at PageID.638-643.  The petitioner

then told Culp to get Alexander out of the office.  Culp asked Alexander to

shelve some windows and he left the office.  Id. at PageID.647-648.  When

Culp and the petitioner were alone in the office, Culp gave the petitioner

$1300 that was hidden there.  Id. at PageID.650.  When the petitioner left,

Culp told Alexander that he had been robbed, they locked the gates, and

they called the police and the store manager.  Id. at PageID.651-652.

When the police arrived, Culp identified the petitioner as the robber from a

photograph on an officer's cellphone.  Id. at PageID.654-656.

Edward Alexander testified at trial.  He was working at the store on

the day of the incident and was familiar with the petitioner.  He recalled

when the petitioner arrived and asked to see Culp.  Id. at PageID.766.

Culp and the petitioner left the office for a few minutes.  Id. at PageID.767-

768.  When they returned, Culp told him to shelve some windows.

Alexander left the office to do so. When he returned to the office to get a ladder a short time later, Culp was shaking and upset and told him that he had been robbed. Id. at PageID.768-770. Alexander did not see a gun or notice anything unusual while the petitioner was at the store. Id. at PageID.769, 771.

Detroit Police Officer Jesus Colon also testified at trial. He described his investigation of the robbery, his police report of the incident, and the petitioner's arrest. Id. at PageID.818-833; ECF No. 10-7.

The petitioner did not testify at trial nor present any witnesses to testify on his behalf. His defense was that no robbery occurred and he did not commit any armed robbery.

At the close of trial, the jury found the petitioner guilty of armed robbery, but acquitted him of felon in possession of a firearm and possession of a firearm during the commission of a felony. ECF No. 10-8, PageID.1044-1045. The trial court subsequently sentenced him, as a third habitual offender, to 14 to 21 years imprisonment. ECF No. 10-9, PageID.1068, 1073.

Following his conviction and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (1) the trial court

erred in scoring Offense Variables 1 and 9 of the sentencing guidelines, (2) the prosecution failed to present sufficient evidence to support his armed robbery conviction, and (3) the trial court erred in instructing the jury on the elements of armed robbery which constructively amended the felony information and deprived him of notice of the charges.  The court found that the trial court erred in scoring Offense Variable 1 of the sentencing guidelines and remanded for re-sentencing, but denied relief on the remaining claims and affirmed his conviction.  People v. Winters, No. 320739, 2015 WL 4751159 (Mich. Ct. App. Aug. 11, 2015).  The petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  People v. Winters, 499 Mich. 882, 876 N.W.2d 546 (2016).

On remand, the trial court re-scored Offense Variables 1 and 2 of the sentencing guidelines, which increased the minimum sentencing guideline range, but re-sentenced the petitioner to the same sentence of 14 to 21 years imprisonment.  ECF No. 10-13, PageID.1305-1306, 1308-1309, 1321-1322.  The petitioner filed an appeal of right with the Michigan Court of Appeals asserting that:  (1) the trial improperly relied upon judicial fact-finding in scoring Offense Variables 1, 2, 8, and 9 and imposing his

sentence, and (2) the trial court erred in denying his post-appeal motions for new trial and directed verdict, and (3) he is entitled to an evidentiary hearing on a claim that trial counsel was ineffective for failing to object the jury instructions.  The court denied relief on those claims and affirmed his sentence.  People v. Winters, No. 334382, 2017 WL 6542554 (Mich. Ct. App. Dec. 21, 2017).  The petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  People v. Winters, 501 Mich. 1083, 911 N.W.2d 703 (2018).

The petitioner thereafter filed his federal habeas petition.  He raises the following claims:

I. The trial court assessment of 10 points for OV 1 and 10 points for OV 9 were errors resulting in a higher guideline range than supported by the record and the law, necessitating re-sentencing.

II. The prosecution present insufficient evidence to convince a rational trier of fact that the petitioner is guilty beyond a reasonable doubt.

III. There was a variance [via the jury instructions] which was sufficiently material enough to constitute a constructive amendment [of the felony information] that deprived the petitioner of his due process right to notice of the charges against him.

IV. Sentence imposed pursuant to guidelines calculated on the basis of judicial fact-finding violated his Sixth Amendment right to trial by jury.

V.      The trial court abused its discretion by denying his motion
        for new trial.

VI.     The trial court abused its discretion by denying his motion
        for directed verdict of acquittal.

VII.    The trial court abused its discretion by denying his motion
        for a Ginther hearing.

See ECF No. 2.  The respondent filed an answer to the petition contending

that it should be denied.  See ECF No. 9.  The petitioner filed a reply to

that answer.  See ECF No. 12.

## III.  Standard of Review

Federal law imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1)    resulted in a decision that was contrary to, or
>        involved an unreasonable application of, clearly
>        established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an
>        unreasonable determination of the facts in light of
>        the evidence presented in the State court
>        proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be

given the benefit of the doubt.'"  Renico v. Lett, 559 U.S. 766, 773 (2010)

(quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24

(2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision."  Harrington v. Richter, 562 U.S.

86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

The Supreme Court has emphasized "that even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable."

Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to

§ 2254(d), "a habeas court must determine what arguments or theories

supported or ... could have supported, the state court's decision; and then

it must ask whether it is possible fairminded jurists could disagree that

those arguments or theories are inconsistent with the holding in a prior

decision" of the Supreme Court.  Id.  Thus, in order to obtain habeas relief

in federal court, a state prisoner must show that the state court's rejection

of his claim "was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for

fairminded disagreement."  Id; see also White v. Woodall, 572 U.S. 415,

419-20 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  Woods v. Donald, 575 U.S. 312, 316 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  Woods v. Etherton, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  Harrington, 562 U.S. at 100.

-10-

Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Lastly, habeas review is

"limited to the record that was before the state court."  <u>Cullen v. Pinholster</u>,

563 U.S. 170, 181 (2011).

## IV.    Analysis

### A.    Sentencing Guidelines Scoring Claim

The petitioner first asserts that he is entitled to habeas relief because

the trial court erred in scoring Offense Variables 1 and 9 of the state

sentencing guidelines.  The respondent contends that this claim is not

cognizable and that it lacks merit.

A sentence imposed within the statutory limits is generally not subject

to federal habeas review.  <u>Townsend v. Burke</u>, 334 U.S. 736, 741 (1948);

<u>Cook v. Stegall</u>, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which

arise out of a state trial court's sentencing decision are not normally

cognizable upon habeas review unless the petitioner can show that the

sentence imposed exceeded the statutory limits or is wholly unauthorized

by law.  <u>Lucey v. Lavigne</u>, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

The petitioner's sentence is within the statutory maximum for his offense.

<u>See</u> MICH. COMP. LAWS §§ 750.529 (authorizing a maximum sentence of

life imprisonment for armed robbery), 769.11 (authorizing a maximum

sentence of life imprisonment).  Consequently, his sentence is insulated

from habeas review absent a federal constitutional violation.

The Michigan Court of Appeals considered the scoring of Offense Variable 1 at 10 points and Offense Variable 9 at 10 points on the petitioner's initial direct appeal.  The court ruled that Offense Variable 9 was properly scored at 10 points, but that Offense Variable 1 was improperly scored at 10 points and should have been scored at either 0 points or 15 points depending the trial court's finding regarding the use of a firearm.  The court remanded for re-sentencing.  <u>Winters</u>, 2015 WL 4751159 at *1-3.  On remand, the trial court scored Offense Variable 1 at 15 points (and Offense Variable 2 at 5 points), which increased the minimum sentencing guideline range, but nonetheless imposed the same sentence of 14 to 21 years imprisonment.  ECF No. 10-13, PageID.1305-1306, 1308-1309, 1321-1322.

The state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The petitioner's claim that the trial court erred in scoring Offense Variables 1 and 9 of the Michigan sentencing guidelines is not cognizable on habeas review because it is a state law claim.  <u>See</u> <u>Tironi v. Birkett</u>, 252 F. App'x 724, 725 (6th Cir. 2007); <u>Howard v. White</u>, 76 F. App'x 52, 53 (6th Cir.

2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.");

Cheatham v. Hosey, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); see also Kissner v. Palmer, 826 F.3d 898, 904 (6th Cir. 2016); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  Alleged errors in scoring the offense variables and determining the sentencing guideline range thus do not warrant federal habeas relief.

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct.  Townsend, 334 U.S. at 741; see also United States v. Tucker, 404 U.S. 443, 447 (1972) (citing Townsend); United States v. Sammons, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information).  To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

The petitioner makes no such showing.  Rather, the record shows that he had a sentencing hearing and a re-sentencing hearing before the state trial court with an opportunity to challenge the sentencing information. He also had the chance to challenge his sentence on direct appeal in the state courts (and did so successfully with respect to his initial sentence). The petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence (upon re-sentencing) which he had no opportunity to correct.  Habeas relief is not warranted on this claim.

### B.    Sufficiency of the Evidence Claim

The petitioner next asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his armed robbery conviction.  In particular, he notes that the jury acquitted him of the felon in possession and felony firearm charges.  The respondent contends that this claim lacks merit.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence

claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Jackson standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009). "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys,

319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S.

422, 434 (1983)).  Accordingly, the "mere existence of sufficient evidence

to convict . . . defeats a petitioner's claim."  Id. at 788-89.

To obtain a conviction for armed robbery under Michigan law, a

prosecutor must prove that:

> (1) the defendant, in the course of committing a larceny of any
> money or other property that may be the subject of a larceny,
> used force or violence against any person who was present or
> assaulted or put the person in fear, and

> (2) the defendant, in the course of committing the larceny,
> either possessed a dangerous weapon, possessed an article
> used or fashioned in a manner to lead any person present to
> reasonably believe that the article was a dangerous weapon, or
> represented orally or otherwise that he or she was in
> possession of a dangerous weapon.

People v. Chambers, 277 Mich. App. 1, 6, 742 N.W.2d 610 (2007); Mich.

Comp. Laws § 750.529.

As with any offense, the prosecution must prove beyond a

reasonable doubt that the defendant committed the charged offense.

People v. Kern, 6 Mich. App. 406, 409, 149 N.W.2d 216 (1967).  Direct or

circumstantial evidence and reasonable inferences arising from that

evidence may constitute satisfactory proof of the elements of an offense,

People v. Jolly, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the

identity of the perpetrator, <u>Kern</u>, 6 Mich. App. at 409, <u>see also</u> <u>People v. Johnson</u>, 146 Mich. App. 429, 434, 381 N.W.2d 740 (1985), and the defendant's intent or state of mind.  <u>People v. Dumas</u>, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); <u>see also</u> <u>People v. Nowack</u>, 462 Mich. 392, 402-03, 614 N.W.2d 78 (2000).

With these state law principles in mind and applying the <u>Jackson</u> standard, the Michigan Court of Appeals denied relief on this claim.  The court explained in relevant part:

> On appeal, Winters argues that the prosecution presented insufficient evidence to establish that he was "armed" during the robbery. In support of his argument, he asserts that the jury must have disbelieved Culp's testimony that he had a gun because he was acquitted on the felony-firearm and felon in possession charges, and that "[t]he prosecution did not charge defendant under the statutory alternative[s]...." Winters' argument is unavailing; a jury may render inconsistent verdicts[.]
>
> ***
>
> Further, the jury's verdicts in this case were not necessarily inconsistent, as the jury may have concluded that the evidence demonstrated beyond a reasonable doubt that Winters possessed a dangerous weapon or represented that he had a weapon, but did not demonstrate beyond a reasonable doubt that defendant possessed a gun. <u>See</u> <u>id</u>. at 467. Therefore, the mere fact that the jury acquitted Winters of felony-firearm and felon in possession of a firearm does not demonstrate that the prosecution presented insufficient evidence at trial for a reasonable jury to find him guilty of armed robbery. <u>Meissner</u>, 294 Mich App at 452.

In addition, it is immaterial to the sufficiency of the evidence claim that the armed robbery charge in the felony information only alleged that Winters "possessed a gun, a dangerous weapon," during the offense and did not allege that he possessed another object that was utilized or presented in a manner that led Culp to believe that it was a dangerous weapon or that he represented that he had a weapon; the evidence presented at trial was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Winters committed a larceny by using force and putting Culp in fear and did so while possessing a gun. <u>Chambers</u>, 277 Mich App at 7. Culp's testimony that Winters held a gun to his back, grabbed Culp's body, spun Culp around, demanded money, threatened him, and took money that was in Culp's pocket and in the office – and Culp's testimony that he was afraid that Winters would injure Alexander or him if he did not comply – demonstrated that Winters committed a larceny through the use of force and by putting Culp in fear. <u>Id</u>. A rational jury could conclude beyond a reasonable doubt that Winters possessed a gun when he committed the robbery based on Culp's testimony that he carried a .380 caliber semi-automatic firearm during the offense and that Winters referred to the weapon as a "scrap," which is a term used on the streets for a gun. <u>Id</u>.[2]

There was sufficient evidence to support Winters' conviction.

<u>Winters</u>, 2015 WL 4751199 at *4-5 (explanatory quote omitted, footnote in original).

---

[2]Even if the jury concluded that Culp erroneously believed that the object was a gun, Culp's testimony provided sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Winters either possessed a dangerous weapon other than a gun, utilized or fashioned an object in a manner that led Culp to reasonably believe that he possessed a dangerous weapon, or represented orally that the object was a gun during the commission of the larceny, which would also fulfill the second element of armed robbery. <u>Chambers</u>, 277 Mich App. at 7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of Supreme Court precedent or the facts.  The prosecution presented sufficient evidence to establish the petitioner's guilt of armed robbery through the testimony of the victim, Renard Culp, as well as reasonable inferences from his testimony and the supporting testimony of Edward Alexander.  To be sure, a victim's testimony alone can be constitutionally sufficient to sustain a conviction. See Tucker v. Palmer, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).  Such testimony was sufficient to establish that the petitioner possessed a firearm (or something that appeared to be a weapon) at the time of the incident and that he used it to force Culp to give him the money that was on his person and hidden in the office so as to support the armed robbery conviction.

The petitioner challenges the jury's evaluation of the evidence presented at trial.  However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts.  Jackson, 443 U.S. at 326; Martin v. Mitchell, 280 F.3d 594, 618 (6th Cir. 2002); Walker v. Engle, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must

presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.").

Moreover, any perceived inconsistency in the verdict does not change this result. The Supreme Court has made clear that an inconsistency in a verdict is an insufficient reason to set a verdict aside. Harris v. Rivera, 454 U.S. 339, 345 (1981). Such is the case because an inconsistent verdict may favor a criminal defendant as well as a prosecutor. United States v. Powell, 469 U.S. 57, 65 (1984). "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." Id. at 66. The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that the petitioner committed an armed robbery – regardless of the fact that the jury acquitted him of the felon in possession and felony firearm charges. Habeas relief is not warranted on this claim.

## C.    Jury Instruction Claim

The petitioner next asserts that he is entitled to habeas relief
because the trial court erred in instructing the jury on the elements of
armed robbery thereby constructively amending the felony information and
violating his right to notice of the charges against him.  The respondent
contends that this claim is waived and/or procedurally defaulted, and that it
lacks merit.

In order for habeas relief to be warranted on the basis of incorrect
jury instructions, a petitioner must show more than that the instructions are
undesirable, erroneous or universally condemned.  Rather, taken as a
whole, they must be so infirm that they rendered the entire trial
fundamentally unfair.  Estelle v. McGuire, 502 U.S. 62, 72 (1991);
Henderson v. Kibbe, 431 U.S. 145, 154 (1977).  A jury instruction is not to
be judged in artificial isolation, but must be considered in the context of the
instructions as a whole and the trial record.  Jones v. United States, 527
U.S. 373, 391 (1999); Grant v. Rivers, 920 F. Supp. 769, 784 (E.D. Mich.
1996).  State law instructional errors rarely form the basis for federal
habeas relief.  Estelle, 502 U.S. at 71-72.

As to notice of the charges, it is well-settled that prosecutors have

significant discretion in determining what charges to file against an accused provided that probable cause exists to believe that an offense was committed by the accused under the charging statute. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). The Sixth Amendment guarantees a criminal defendant the right to be informed of the charges against him. Cole v. Arkansas, 333 U.S. 196, 201 (1948); In Re Oliver, 333 U.S. 257, 273 (1948). Such due process requires that "whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Olsen v. McFaul, 843 F. 2d 918, 930 (6th Cir. 1988). A defect in a state criminal information or indictment does not offend the Constitution unless a petitioner can establish that: (1) he or she did not receive adequate notice of the charges; and (2) he or she was therefore denied the opportunity to defend against the charges. Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002); Sharrar v. Foltz, 658 F. Supp. 862, 866-67 (E.D. Mich. 1987).

The Michigan Court of Appeals considered this claim on direct appeal and ruled that the claim was waived because trial counsel accepted the jury instructions as given and further ruled that the claim lacked merit. As to the merits, the court explained:

Even if it were not waived, the claim is without merit. The trial court instructed the jury, in relevant part, that it had to find beyond a reasonable doubt that Culp was present while Winters committed the underlying larceny and that he possessed a dangerous weapon or "possessed any other object used or fashioned in a manner to lead the person who was present to reasonably believe that it was a dangerous weapon[,] or represented orally or otherwise that he was in possession of a weapon."

"Grounded in a defendant's constitutional right of due process of law is the principle that [a]n accused shall not be called upon to defend himself against a charge of which he was not sufficiently apprised." People v. Higuera, 244 Mich App 429, 442; 625 NW2d 444 (2001) (quotation marks and citations omitted). Likewise, an indictment or information must inform the defendant of the "nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged." MCL 767.45(1)(a). Nevertheless, the trial court may amend the information before, during, or after the trial unless the amendment would unfairly mislead, surprise, or prejudice the defendant. MCL 767.76; People v. Jones, 252 Mich App 1, 45; 650 NW2d 717 (2002). "A defendant is not prejudiced by an amendment to the information to cure a defect in the offense charged where the original information was sufficient to inform the defendant and the court of the nature of the charge." People v. Covington, 132 Mich App 79, 86; 346 NW2d 903 (1984).

The description of the charge in the felony information provided notice of the elements of the charge by including a citation to MCL 750.529, which expressly indicates that a person may be guilty of a felony under that section if the person "possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon." Likewise, the district court order binding Winters over to the circuit court

for trial on the armed robbery charge also cited MCL 750.529 as the statutory basis of his charge. Additionally, Winters was tried for the exact charges on which he was bound over to the circuit court following the preliminary examination, and the trial court's jury instructions did not add any charges that were not included in the amended felony information. Stated differently, the constructive amendment did not relate to a new or different act or offense, but only related to the manner in which Winters was "armed" during the robbery. Thus, at most, the trial court's instruction provided an alternative theory upon which Winters could be convicted of armed robbery. As such, the armed robbery charge in the information provided sufficient notice of the nature of the charge against Winters.

Further, Winters has not explained how the purported amendment prejudiced his defense strategy or otherwise affected the outcome of the proceeding. Winters' lawyer acknowledged at trial that the defense theory was that the robbery never occurred, and this defense strategy was evident during defense counsel's cross-examination of the prosecution's witnesses and his closing argument. Because this defense was applicable regardless of the means by which Winters was "armed" during the offense, there is no indication that he would have offered a different defense if the armed robbery charge had been framed differently in the felony information or if the trial court had not provided the jury instruction at issue. Furthermore, the trial court provided the same instruction regarding the elements of armed robbery at the beginning of the trial, which demonstrates that Winters had notice of the instruction and ample opportunity to adjust his defense accordingly. Accordingly, there is no indication that the trial court's jury instructions violated Winters' statutory and constitutional right to reasonable notice of the charges against him, People v. McGee, 258 Mich App 683, 699; 672 NW2d 191 (2003), or that he was prejudiced or unfairly surprised by the change, Jones, 252 Mich App at 4-5.

There was no instructional error warranting a new trial.

Winters, 2015 WL 4751159 at *5-6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The petitioner was sufficiently notified of the charges against him when he was charged with armed robbery under the applicable Michigan statute and its provisions covering what it means to be armed.  See Mich. Comp. Laws § 750.529.  At most, the difference between the information and the jury instruction was a minor variance and did not deprive the petitioner of fair notice of the charge against him.  See Robinson v. Harry, 562 F. App'x 440, 445-47 (6th Cir. 2014) (affirming the denial of habeas relief on similar claim).

Moreover, the petitioner was able to adequately defend himself against the armed robbery charge.  His defense at trial was that no robbery occurred and he did not commit any robbery, armed or otherwise.  Consequently, whether he was armed with a firearm or some other type of weapon or purported weapon, i.e., the manner in which he was alleged to be armed, was irrelevant to his defense.  The jury instruction on armed robbery was appropriate and did not result in a violation of the petitioner's constitutional rights.  Habeas relief is not warranted on this claim.

-26-

**D.     Sixth Amendment Sentencing Claim**

Lastly, the petitioner asserts that he is entitled to habeas relief

because the trial court relied upon judicially-found facts neither admitted by

him nor proven beyond a reasonable doubt in scoring the guidelines

(particularly Offense Variables 1 and 2) and imposing his sentence in

violation of the Sixth Amendment.  The respondent contends that this claim

lacks merit.

Such a claim arises from the United States Supreme Court's

decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v.

Washington, 542 U.S. 296 (2004); and Alleyne v. United States, 570 U.S.

99 (2013).  In Apprendi, the Supreme Court held that, "[o]ther than the fact

of a prior conviction, any fact that increases the penalty for a crime beyond

the prescribed statutory maximum must be submitted to a jury, and proved

beyond a reasonable doubt."  Apprendi, 530 U .S. at 490.  In Blakely, the

Supreme Court clarified "that the 'statutory maximum' for Apprendi

purposes is the maximum sentence a judge may impose solely on the

basis of the facts reflected in the jury verdict or admitted by the defendant."

Blakely, 542 U.S. at 303.  In Alleyne, the Supreme Court extended

Apprendi to mandatory minimum sentences, ruling that any fact that

increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. Alleyne, 570 U.S. at 111-12.

In People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under Alleyne, the Michigan sentencing guidelines violate the Sixth Amendment because the guidelines "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range." Lockridge, 870 N.W.2d at 506. The court's remedy was to make the guidelines advisory only. Id. at 520-21. The United States Court of Appeals for the Sixth Circuit recently issued a decision agreeing with Lockridge and ruling that Alleyne clearly established that Michigan's pre-Lockridge mandatory minimum sentencing guidelines scheme violated the Sixth Amendment. Robinson v. Woods, 901 F.3d 710, 716-18 (6th Cir. 2018). The Sixth Circuit explained that "[a]t bottom, Michigan's sentencing regime violated Alleyne's prohibition on the use of judge-found facts to increase mandatory minimum sentences." Id. at 716. This Court is bound by the Sixth Circuit's decision.

The Michigan Court of Appeals considered this issue on direct

appeal after the remand and denied relief.  The court explained in relevant

part:

> Defendant was resentenced on July 19, 2016, almost one year
> after Lockridge was decided on July 29, 2015. Accordingly, at
> the time of his sentence, the statutory minimum sentencing
> guidelines were not mandatory, but were merely advisory.
> Lockridge, 498 Mich at 399. The record reflects that defendant
> was sentenced in accord with the constitutional protection
> afforded by Lockridge because the trial court explicitly
> recognized that the minimum sentencing guidelines are
> advisory and not mandatory, took the guidelines range into
> account when sentencing defendant, and found that the
> sentence, which fell within those guidelines, was reasonable,
> "recognizing that the guidelines are now advisory." The record
> clearly reflects the trial court understanding that the guidelines
> are advisory only. Because the court's reliance on judicially
> found facts to score OVs 1 and 2 did not therefore mandatorily
> increase defendant's minimum sentence, the trial court was not
> unconstitutionally constrained by the calculated guidelines, and
> the resulting increase in the minimum guidelines range did not
> violate defendant's Sixth Amendment right to a jury trial under
> Lockridge. Judicial fact-finding is proper and "of no
> constitutional consequence if [, as in this case,] the guidelines
> are merely advisory." People v. Biddles, 316 Mich App 148,
> 159-161; 896 NW2d 461 (2016). Therefore, we reject
> defendant's assertion that the court could only use facts found
> by a jury beyond a reasonable doubt when calculating his OV
> score under the sentencing guidelines, which "is in direct
> contradiction of the Lockridge Court's rejection of the
> defendant's argument that juries should be required to find the
> facts used to score the OVs." Id. at 160-161, citing Lockridge,
> 498 Mich at 389.
>
> In light of these principles, we also disagree with defendant's
> assertion that it was not constitutionally permissible for the trial
> court to rely on the conduct underlying the acquitted firearm

charges to calculate his minimum sentencing guidelines range. "[W]hen scoring the variables, trial courts are permitted to make factual findings which need only be supported by a preponderance of the evidence." <u>Stokes</u>, 312 Mich App at 193. "A trial court may consider facts concerning uncharged offenses, pending charges, and even acquittals, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence." <u>People v. Golba</u>, 273 Mich App 603, 614; 729 NW2d 916 (2007) (emphasis added); <u>see also</u> <u>People v. Compagnari</u>, 233 Mich App 233, 236; 590 NW2d 302 (1998). "[S]uch conduct could be taken into account at sentencing because an acquittal does not necessarily mean that the defendant did not engage in criminal conduct, but only demonstrates a lack of proof beyond a reasonable doubt." <u>People v. Harris</u>, 190 Mich App 652, 663; 476 NW2d 767 (1991).

"The constitutional evil addressed by the <u>Lockridge</u> Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with required application of those found facts for purposes of increasing a mandatory minimum sentence range." <u>Biddles</u>, 316 Mich App at 158. "<u>Lockridge</u> remedied this constitutional violation by making the guidelines advisory, not by eliminating judicial fact-finding." <u>Id</u>. In this case, defendant "received the constitutional protection of advisory guidelines as dictated by <u>Lockridge</u>," <u>Id</u>. at 165, and there was no violation of defendant's Sixth Amendment right to a jury by the trial court's reliance on judicially found. Therefore, defendant is not entitled to resentencing.

***

Lastly, we disagree with defendant's assertion that he is entitled to resentencing because his scores for OV 8, MCL 777.38(1)(a), and OV 9, MCL 777.39(1)(c), were impermissibly based on facts not determined by the jury. As discussed, judicial fact-finding is proper so long as the guidelines, as here, are advisory. <u>Biddles</u>, 316 Mich App at 159-161; <u>Stokes</u>, 312 Mich App at 196. Thus, contrary to defendant's assertion, the

-30-

trial court did not err in scoring the offense variables based on judicially found facts that were not determined by the jury.

Winters, 2017 WL 6542554 at *2-3, 4.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. After the remand, the trial court conducted a new sentencing hearing and re-sentenced the petitioner to 14 to 21 years imprisonment. The re-sentencing occurred in July, 2016, well after Lockridge was decided in July, 2015. At that point, the Michigan sentencing guidelines were advisory, not mandatory. Purely advisory applications of the guidelines do not run afoul of the Sixth Amendment. See Booker, 543 U.S. at 232 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); Banks v. Parish, No. 1:21-cv-42, 2021 WL 266621, *6-7 (W.D. Mich. Jan. 27, 2021) (denying habeas relief on similar claim because the petitioner was sentenced after Lockridge was decided); Jakubowski v. Chapman, No. 2:19-CV-13136, 2021 WL 253878, *5 (E.D. Mich. Jan. 26,

2021) (same).

Because the guidelines were advisory at the time of re-sentencing, the trial court exercised its discretion in imposing the petitioner's sentence. "Facts that the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." Holder v. Jackson, No. 17-CV-408, 2017 WL 3205762, *4 (W.D. Mich. July 28, 2017) (summarily dismissing habeas petition raising similar sentencing claim); see also Wiggins v. Balcarcel, No. 18-CV-10124, 2018 WL 659280, *5 (E.D. Mich. Feb. 1, 2018) (citing Holder and denying habeas relief on sentencing claim. The petitioner's current sentence was not imposed in violation of the Sixth Amendment.

Lastly, to the extent that the petitioner contests the state court's interpretation and application of state law as to his sentencing (or any other issue), he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S.

764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987).

Habeas relief does not lie for perceived errors of state law. Estelle, 502

U.S. at 67-68. The petitioner fails to state a claim upon which federal

habeas relief may be granted as to any such state law issues. Habeas

relief is not warranted on this claim.

### E. New Trial, Directed Verdict, & Ginther Hearing Motion Claims

Lastly, the petitioner asserts that he is entitled to habeas relief

because the trial court abused its discretion in denying his motions for new

trial, for a directed verdict, and for a Ginther hearing. The respondent

contends that these claims are unexhausted in part, not cognizable, and

lack merit.

These claims do not justify federal habeas relief. The petitioner's

claim that the trial court abused its discretion in denying his motion for new

trial is a state law claim that is not cognizable on habeas review. See

Pudelski v. Wilson 576 F.3d 595, 610-11 (6th Cir. 2009). Similarly, his

claim that the trial court abused its discretion in denying his motion for

directed verdict is a state law claim that is not cognizable on federal

habeas review. See King v. Trippett, 27 F. App'x 506, 510 (6th Cir. 2001)

(citing Estelle, 502 U.S. at 67-68); see also Holloway v. Palmer, No.

16-2450, 2017 WL 4844457, *3 (6th Cir. April 5, 2017) (citing King).

Finally, his claim that the trial court abused its discretion in denying his

motion for a Ginther hearing is a state law claim that is not cognizable on

federal habeas review.  See Coates v. Rivard, No. 4:16-CV-11231, 2018

WL 4113171, *8 (E.D. Mich. Aug. 29, 2018) (citing cases); Litteral v.

Palmer, No. 08-CV-11172, 2010 WL 2633595, *14 (E.D. Mich. 2010)

(quoting Lewis, 497 U.S. at 780) ("Ginther does not confer an absolute

right to an evidentiary hearing in all cases where a defendant alleges

ineffective assistance of counsel, and the denial of a Ginther hearing is a

matter of state law not cognizable on federal habeas corpus review.").  It is

well-settled that habeas relief does not lie for perceived violations of state

law.  Estelle, 502 U.S. at 67-68; see also Pulley v. Harris, 465 U.S. 37, 41

(1984).  Habeas relief is not warranted on these claims.

## V.   Conclusion

For the reasons stated, the Court concludes that the petitioner is not

entitled to federal habeas relief on his claims.  Accordingly, the Court

**DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of

habeas corpus.

Before the petitioner may appeal this decision, a certificate of

-34-

appealability must issue. <u>See</u> 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). The petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. <u>See</u> FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated: March 10, 2021

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 10, 2021, by electronic and/or ordinary mail and also on
Darell Antoin Winters #452132, St. Louis (MSP),
St. Louis Correctional Facility, 8585 N Croswell Rd.,
St. Louis, MI 48880.


s/B. Sauve
Deputy Clerk